Woodbury *v.* Manlove et al.

the land, if it were admitted that the fee still remained in the original proprietor.

*Judgment affirmed.*

GREENLEAF M. WOODBURY, Appellant, *v.* MOSES MANLOVE . et al., Appellees.

APPEAL FROM FULTON.

In a proceeding by *scire facias* to foreclose a mortgage, pleas of failure or want of consideration, are insufficient. The statute authorizing such defences does not extend to the case of a mortgage.

A *scire facias* to foreclose a mortgage is not within the operation of the statute authorizing a set-off.

A *scire facias* is a proceeding *in rem* to enforce a specific lien, and not to obtain a judgment *in personam.* It creates no lien on other property, and only directs a sale of the mortgaged premises to satisfy debt and costs.

If the mortgage has been duly recorded and acknowledged, and the last instalment has fallen due, the only defences that can be interposed, are such as show that it was never a valid lien on the land, or that it has been discharged or released.

The pleas of *nul tiel record* and *non est factum* only put in issue the execution and registry of the mortgage.

The mortgage becomes a matter of record by being registered in the county in which the mortgaged premises are located, and a *scire facias* can properly issue from the circuit court of such county, although lands in other counties may be embraced in the mortgage, and the mortgage may not have been recorded in those counties.

THIS was a proceeding by *scire facias* to foreclose a mortgage. The *scire facias* having been prepared with great care by an able practitioner, the formal parts are copied, for the use of such parties as may choose to avail themselves of it in practice.

The *scire facias* was issued by the clerk of Schuyler county, and is as follows:—

" State of Illinois, Schuyler county, ss.

" The people of the State of Illinois to the sheriff of the said county, greeting.

" Whereas, David Manlove and Moses Manlove, by A. B. and C. D., their attorneys, have filed in the clerk's office of our circuit court, within and for the county of Schuyler aforesaid, a certain deed of mortgage, in the words and figures following, that is to say (here follows a recital of the mortgage, acknowledgment, &c.). And whereas it appears, that the last instalment in the condition of the said mortgage deed mentioned has

Woodbury *v.* Manlove et al.

long since become due and payable by the said Greenleaf M. Woodbury to the said David and Moses Manlove, according to the terms of said condition. And whereas, by virtue of the deed of mortgage aforesaid, and the condition therein contained, and according to the tenor and effect of the promissory notes or obligations in said condition recited, it appears that the said Greenleaf M. Woodbury is indebted upon the said mortgage deed to the said David and Moses Manlove, in the sum of one thousand six hundred and ten dollars, together with interest thereon, at the rate of six per cent. from the time when the said notes or obligations became due and payable, according to the tenor and effect thereof, and the said Greenleaf M. Woodbury has wholly failed to pay the same, or any part thereof, unto the said David and Moses Manlove, according to the tenor and effect of said mortgage deed, and the notes or obligations therein recited, although often requested so to do.

" And whereas, the said David and Moses Manlove, by A. B. and C. D., their attorneys, have filed in our said clerk's office, their prœcipe, directing a writ of *scire facias* to be issued upon the said mortgage deed, against the said Greenleaf M. Woodbury, and directed to the sheriff of the county of Schuyler aforesaid, and returnable to the next term of our said circuit court.

" We, therefore, command you to summon the said Greenleaf M. Woodbury, if to be found in your county, personally to be and appear in and before our circuit court, within and for said county of Schuyler, on the first day of the next term thereof, to be holden at the court house, in Rushville, the seat of justice of said county, on the          Monday in the month of next, and then and there show cause, if any he have, why judgment should not be rendered against him, in favor of the said David and Moses Manlove, upon the mortgage deed aforesaid, for the said sum of one thousand six hundred and ten dollars, together with the interest as aforesaid, which appears to be due and owing from him to them, by virtue of the mortgage aforesaid, and condition therein contained. And have you then and there this writ, and the manner in which you shall have executed the same.

" In witness whereof, A. B., clerk of our said circuit court, hath hereto subscribed his name, and affixed the [L. s.] seal of said circuit court, at          this          day of A. D. &c.

" Signed,          A. B. clerk."

This *scire facias* was taken by change of *venue* from Schuyler to Fulton county. At March term, 1852, of the Fulton Circuit

Court, KELLOGG, Judge, presiding, a judgment was rendered upon the *scire facias*, ordering a sale of the mortgaged premises lying in Schuyler county.

The defendant in the court below prayed for and obtained this appeal.

A statement of the pleadings, in the progress of the cause, will be found in the opinion of the court.

BROWNING and BUSHNELL, for appellant.

R. S. BLACKWELL, for appellees.

TREAT, C. J. In March, 1846, Woodbury mortgaged certain real estate, situate in Schuyler and McDonough counties, to D. and M. Manlove, to secure the payment of three promissory notes to become due in April, 1847. In October, 1851, the Manloves sued out of the Schuyler circuit court a *scire facias* to foreclose the mortgage. The defendant pleaded seven pleas : First, *non est factum ;* second, *nul tiel record ;* third, payment ; fourth, payment of two of the notes, and failure of consideration as to the other, averring that the note was given for part of the purchase-money of the mortgaged premises, which were conveyed with a covenant of seizin by plaintiffs to defendant ; and that plaintiffs were not seized of two of the tracts worth the amount of the note ; fifth, that the notes and mortgage were made for the purchase-money of the mortgaged premises, which were conveyed by plaintiffs to defendant with a covenant against incumbrances ; that the same were incumbered by a judgment against one of the plaintiffs, under which part of the land was sold, and a deed executed by the sheriff to the purchaser ; that the value of the land sold exceeded the amount due on the mortgage, and therefore the consideration had wholly failed ; sixth, that the mortgaged premises were conveyed by plaintiffs to defendant with a covenant of seizin, and the notes and mortgage were made for the purchase-money ; that plaintiffs were not seized, and the premises were worth $2,500, which amount defendant offered to set off ; seventh, that the mortgaged premises were conveyed by plaintiffs to defendant with a covenant against incumbrances, and the notes and mortgage were made for the purchase-money ; that the premises were incumbered by a judgment against one of the plaintiffs, under which a part of the land was sold and a deed executed by the sheriff to the purchaser ; that the part thus sold was worth $2,500, which amount defendant offered to set off.

Demurrers were sustained to the four last pleas; and the issues of fact formed on the other pleas were submitted to the court. The plaintiffs offered in evidence the mortgage set out in the *scire facias*, to which the defendant objected because it had not been recorded in the county of McDonough; but the court overruled the objection, and admitted the mortgage. The plaintiffs admitted that only the sum of $513.88 was unpaid on the notes, but they did not read the notes in evidence. The court decided the issues in favor of the plaintiffs, and found that there was due on the mortgage $513.88; for which amount judgment was entered, and a special execution awarded against the lands lying in Schuyler county.

The question presented by the demurrer to the fourth and fifth pleas was fully considered and settled in the case of Hall *v.* Byrne, 1 Scammon, 140. That was a proceeding by *scire facias* to foreclose a mortgage, and the defendant pleaded a want of consideration, and a failure of consideration. The court decided that the statute authorizing such defences to be interposed did not extend to the case of a mortgage, and therefore held the pleas insufficient.

The sixth and seventh pleas seek to set off unliquidated damages arising from a breach of covenants. A set-off is not allowable in this proceeding. The statute provides that a defendant " in any action brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff," may set up the same, and have them set off on the trial; and if there is a balance due him, he shall have judgment therefor against the plaintiff. A *scire facias* to foreclose a mortgage is not an action in the ordinary acceptation of that term, and is therefore not within the operation of this provision. The case of Menard *v.* Marks, 1 Scammon, 25, is an authority in point. A *scire facias* is a proceeding *in rem* against the mortgaged premises. The object of the proceeding is to enforce a specific lien, and not to obtain a judgment *in personam*. The judgment only determines the amount due on the mortgage, and directs a sale of the mortgaged premises to satisfy the same and the costs. It creates no lien on the other property of the mortgagor, and the only process that can issue upon it is a special execution against the mortgaged premises. The other transactions of the parties are not to be taken into consideration in this proceeding. If the mortgage has been duly acknowledged and recorded, and the last instalment has become due, the only defences that can be interposed, are such as show that it was never a valid lien on the land, or that it has been discharged or released.

The objection to the introduction of the mortgage in evidence was not well founded. The mortgage became a matter of record by being registered in Schuyler county, and a *scire facias* could properly issue from the circuit court of that county. It was wholly immaterial for the purposes of this case, whether it was ever recorded in McDonough county or not.

The pleas of *non est factum* and *nul tiel record*, only put in issue. the execution and registry of the mortgage. The plaintiffs fully sustained the case on their part, by the production of the mortgage duly acknowledged and recorded. The plea of payment presented an affirmative defence, which the defendant was bound to establish. As he offered no evidence in support of the plea, there was no necessity for the plaintiffs to produce the notes.

The judgment is affirmed.

*Judgment affirmed.*