Osgood et ux. *v.* Stevens.

---

URI OSGOOD *et ux.*, Appellants, *v.* HENRY K. STEVENS, Appellee.

### APPEAL FROM WILL.

A *scire facias* to collect a mortgage debt under the statute is unauthorized until the last installment of the debt has become due, and it should contain an averment that that is the case.

The *sci. fa.* must also contain an averment of a breach, by non-payment of the debt.

A *sci. fa.* performs the office of both process and declaration, and must contain every material averment required in a declaration.

If it fails in any of these respects, it is obnoxious to a demurrer.

The form of *sci. fa.* in *Woodbury* v. *Manlove*, 14 Ill. R. 213, approved as a precedent.

Judgment under a *sci. fa.* must be *in rem.*, and not general against the person.

THIS was a proceeding by appellee against appellants to foreclose a mortgage by *scire facias*, under the statute. A general demurrer was filed to the *sci. fa.*, which was overruled, and defendants below, abiding by their demurrer, judgment was rendered for $1,120 in damages, and execution awarded, not against the mortgaged premises, but against defendants.

The defects in the *sci. fa.* are fully stated in the opinion, and a correct precedent is pointed out.

URI OSGOOD, *pro se.*

PARKS & ELWOOD, for Appellee.

WALKER, J. This proceeding is instituted under the 23rd section of chapter 57, R. S., p. 300. That section provides that when default shall be made in the payment of any sum of money secured by mortgage on land, duly executed and recorded, and the payment is to be made by installments, when the last of them has become due, the mortgagor, etc., may sue out a writ of *scire facias*, from the proper clerk's office, and upon service, or the return of two nihils, may proceed to judgment against the mortgaged premises for the amount of the mortgage debt and interest then due. But it provides that the judgment, when obtained, shall not become a lien on any other real estate, or render any other property of the defendant, liable to be sold to satisfy the same. Under this provision of the statute, until the last installment of the mortgage debt has become due, the *sci. fa.* is unauthorized. And when the payments are by installment, the *sci. fa.* must contain an averment that the last payment has matured, and for the want of such an averment it will be obnoxious to a demurrer.

The mortgage in this case was given to secure the payment of four thousand dollars. The *scire facias* contains an averment that one thousand dollars fell due on the 12th day of October, 1858, but fails to show whether that sum was the first, the last, or an intermediate payment. When the averment is that one thousand dollars, with its interest, became due at that time, it is left entirely to conjecture whether the other three thousand dollars was due or not. It might be, that by reference to the mortgage, that fact might be determined, but it is not set out in the *scire facias*, and we cannot look beyond averments in the writ for a cause of action. The *scire facias* in this respect was wholly insufficient, and the demurrer should have been sustained.

This *sci. fa.* contains no averment of a breach by the non-payment of the mortgage debt. This is in direct violation of the rules of pleading. To entitle the plaintiff to the right of recovery, his declaration must contain a sufficient breach to show that he has sustained injury. In this proceeding the *scire facias* performs the office of both process to bring the defendant into court, and of a declaration disclosing the cause of action, and as such it must contain every material averment required in a declaration. The omission of a breach in a declaration has always been held fatal on general demurrer, as by its omission it discloses no cause of action. It is true that it is averred that one thousand dollars became due to the plaintiff on a particular day, but it fails to state that it or any other sum was still due, nor does it aver that it was not paid. The defendants are not even summoned to show cause why a judgment should

not be rendered for such sum as might be found to remain unpaid on the mortgage, but they are required to show cause why judg-. ment should not be rendered against them for such sum as shall be found due to the plaintiff. This portion of the writ is equally uncertain, and if its office was not that of a summons, it could not aid the previous portion of the writ. The *scire facias* was fatally defective in failing to aver a breach, and for that reason the demurrer should have been sustained. We have been referred to the form of this writ, given in the case of *Woodbury* v. *Manlove*, 14 Ill. 213, which was drawn by an able pleader, and was inserted as a precedent; and after a careful examination we can see no objection to it in substance or form, and are prepared to approve it as a precedent.

The judgment in this case is general, and against the person of the defendants, and not *in rem*. This is in direct violation of the statute, and this has been repeatedly held by this court to be erroneous. For these various errors, this judgment must be reversed and the cause remanded.

*Judgment reversed.*