SARAH CARPENTER, for the use, etc., Plaintiff in Error, *v.* JAMES M. MOOERS, Defendant in Error.

ERROR TO LEE.

A *scire facias* to foreclose a mortgage is not an action; and a plea of usury, or any other defense, cannot be averred against it; except to allege that the mortgage was void, and never a valid lien, or that it has been discharged or released.

THE facts of this case are fully set out in the opinion of Mr. Justice BREESE.

HEATON & GOODWIN, for Plaintiff in Error.

J. K. EDSALL, for Defendant in Error.

BREESE, J. This was a proceeding by *scire facias* commenced at the November term of the Lee Circuit Court, 1858, to foreclose a mortgage made by the plaintiff in error to the defendant in error, to secure the payment of a promissory note of eight hundred dollars. The note made and bearing date November twenty-third, 1852, and the mortgage given to secure it, bearing date March the twenty-eighth, 1853. The note was payable five years from date.

The defendant below pleaded the two following, among other pleas, to wit:

And for further plea in this behalf as to four hundred dollars, part and parcel of the sum of eight hundred dollars in said writ and declaration mentioned, said defendant says *actio non*, because he says that in the note in writing and mortgage deed in said writ mentioned, is taken, received and secured to the said plaintiff above the rate of six dollars in the hundred per annum for the forbearance of the sum of four hundred dollars, actually loaned, for the period of five years, that is to say, the sum of

four hundred dollars, part of the sum of eight hundred dollars for the period of five years, contrary to the form of the statute in such case made and provided ; and this he is ready to verify, wherefore he prays judgment, etc.

And for further plea in this behalf, said defendant says *actio non*, because he says that said promissory note and mortgage in said *scire facias* mentioned, was given for the loan and forbearance of the sum of four hundred dollars, money actually loaned on the day of the date of said note and mortgage, and that the remaining sum of four hundred dollars in the said note mentioned, being included in the said note, for and as interest and usury for the loan of the said first mentioned sum for the term of five years, being at a greater rate of interest than was then and there allowed by law, to wit, for and at the rate of twenty per centum per annum for the whole term which said note and mortgage had to run, to wit, for the term of five years, contrary to the statute in such case made and provided ; and this the said defendant is ready to verify, wherefore he prays judgment of the said *scire facias*, as to the said sum of four hundred dollars, part and parcel of the sum of eight hundred dollars therein demanded.

To which pleas the plaintiff filed a general demurrer, which was sustained by the court below, and a judgment rendered for the plaintiff for the full amount of the note of eight hundred dollars, with interest and costs.

There are several errors assigned in this case, the only ones relied upon being the question of usury presented in the pleas, and that the court erred in holding that usury could not be pleaded to a *scire facias* upon a mortgage.

Our statute allowing the defense of usury, provides, that whenever in any action brought on any contract or assurance for the payment of money or other thing, it shall appear to the court before which such action shall be tried, by the pleading in the case, and on application of the defendant, that a greater rate of interest shall have been directly or indirectly reserved, discounted or taken than is allowed by this chapter, the defendant shall recover his full costs, etc. ; and by the seventh section of the same chapter, (chap. 54, Scates' Comp. 599), it is provided, that in the trial of any action wherein it shall appear by the pleadings that the fact of usury shall be put in issue, it shall be lawful for the debtor, the creditor being alive, to become a witness, etc.

The question arises here, is a proceeding by *scire facias* to foreclose a mortgage, an action, in any legal sense of that term ? This court has said, that it is a special proceeding *in rem*, and not an action, in the ordinary acceptation of the term, and therefore the statute forbidding the bringing an action against

an administrator until after the expiration of one year after taking out letters of administration, does not prohibit a proceeding by *sci. fa.* to foreclose a mortgage within that time. *Menard* v. *Marks,* 1 Scam. 25.

We have a statute providing that in any action brought upon a promissory note, or other instrument in writing, etc., a failure or want of consideration may be pleaded. This court held, in the case of *Hall* v. *Byrne,* ib. 140, that a mortgage of· lands is not a note, bond, bill, or other instrument in writing within the act ; and a want of consideration, or failure of consideration, could not be pleaded to a *scire facias* to foreclose it. We have also, a statute allowing a set-off to be pleaded in any action brought upon any agreement, express or implied. This court held, in the case of *Woodbury* v. *Manlove,* 14 Ill. 216, referring to this case of *Hall* v. *Byrne,* that it did not apply, and was not to be allowed in a proceeding by· *scire facias* to foreclose a mortgage, as that was not an action, and not within the operation of that act. It is a proceeding *in rem* to enforce a specific lien, and not to obtain a judgment *in personam.* The judgment only determines the amount due on the mortgage, and directs a sale of the mortgaged premises to satisfy it. The only defenses that can be interposed, are such as show that the mortgage was never a valid lien on the land, was not recorded, or that it has been discharged or released.

In the case of *White* v. *Watkins,* 23 Ill. 482, this court held, in strict conformity to the foregoing cases, that in a proceeding by *scire facias* to foreclose a mortgage, no defense can be interposed, unless it be that the mortgage was never a valid lien on the land, or that it has been discharged or released.

The reason is plain. The mortgage being recorded, is treated as a record, importing absolute verity, against which nothing in the shape of a defense can be averred, except that it was void *ab initio,* and never a valid lien, or that it has been discharged or released. A *scire facias* to foreclose it is in no sense an action inviting, and open to, the various defenses allowed in ordinary actions.

These pleas, then, not being allowed in this proceeding, the only remedy the defendant can have, is by bill in chancery, to restrain the collection of such portion of the recovery as may be shown to be made up of usurious interest.

The judgment is affirmed.

*Judgment affirmed.*