## AUGUSTA A. ALVIS *et al.*

63   181
131   386

*v.*

## MARTHA J. MORRISON *et al.*

1. EVIDENCE—*of recorded deed.* An original deed, bearing certificate of having been duly recorded, is the highest class of evidence, and may be read whether the official record book be in existence or not.

2. BURNT RECORDS—*secondary evidence.* Where a record of deeds is destroyed, the index book in which the deed is described, and its record in the proper book certified, is good evidence of the fact that a deed was recorded.

3. NOTICE TO PURCHASERS—*effect of record.* The notice which the due recording of a deed gives to all the world, is not extinguished or lost by the destruction of the record book; nor can one, who obtains adverse title, be deemed an innocent purchaser.

4. ACKNOWLEDGMENT. It is not indispensable that a certificate of acknowledgment conform exactly to the language of the statute. It is sufficient to show that the statute has been strictly complied with.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. WM. McGALLIARD, Mr. JAMES T. HOBLETT, Mr. WM. B. JONES, and Messrs. STUART, EDWARDS & BROWN, for the appellants.

Messrs. WILLIAMS & BURR, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

One party claims title to the land in controversy as the grantee of the purchaser at a sheriff's sale, had by virtue of an execution issued upon a judgment rendered upon the foreclosure of a mortgage by *scire facias,* in pursuance of the statute. The record of the mortgage was burned before foreclosure, but the mortgage was preserved.

The other party claims title as a purchaser subsequent to the destruction of the record.

There was, upon the mortgage, the usual indorsement that it had been filed and recorded, which was signed by the recorder. There were also preserved from the wreck of the fire an index and a file book, in which was given the names of the mortgagor and mortgagee, a description of the premises, the date of the deed and the date of the record.

The position assumed is, that there was no record of the mortgage at the time of foreclosure, and as there was no record, there could be no foreclosure.

The assumption is false in fact and in law.

The mortgage, with the indorsement upon it of registration, was a sufficient record for the action of the court. It was the evidence contemplated by the statute when it authorized the mortgagee to sue out a writ of *scire facias,* "if default be made in the payment of any sum of money secured by mortgage on lands and tenements, duly executed and recorded." It was the best evidence, and the record could not have been introduced unless upon due proof of loss of the original.

When the mortgage, duly executed and recorded, was exhibited to the court, together with the note intended to be secured, it had the highest evidence required by the law, and was bound to act upon it ; and the assumption that the judgment was void, is unsupported either by reason or authority.

The cases cited by appellees upon this point are direct authorities against them.

In *Woodbury* v. *Manlove,* 14 Ill. 213, it is said that the plaintiffs fully sustained the case on their part by the production of the mortgage, duly acknowledged and recorded.

In *Russell* v. *Brown,* 41 Ill. 183, it is said, "on a *scire facias* the mortgage is treated as a record, and the court must follow it."

Again, in *Carpenter* v. *Mooers,* 26 Ill. 162, this language is used: "The mortgage, being recorded, is treated as a record, importing absolute verity."

The fallacy in the argument is the result of the supposition that the foreclosure by *scire facias* is based upon the record alone, whereas it is upon the mortgage duly executed and recorded, and the court was bound to render the judgment upon the production of the latter.

The court, then, had jurisdiction of the subject matter, (Scates' Comp. 976, sec. 23,) and also of the parties, for the writ was properly executed. The default admitted the necessary averments in the writ. The sale was regular, and the purchase made in good faith. The grantee of the purchasers at the sheriff's sale is also an innocent purchaser, and paid a valuable consideration. It would be a monstrous doctrine to hold that such a judgment and sale are void. The effect would be ruinous, and purchasers at judicial sales would have no protection.

The record of the deed, made subsequent to the record of the mortgage, was no notice either to the prior mortgagee or to the purchasers at the judicial sale. The registry laws have no application in such case. The record of the subsequent deed was not even constructive notice to the purchasers. No one but the mortgagor, or in case of his death, his executors or administrators, were necessary defendants. Subsequent purchasers are not required to be made parties in proceedings to foreclosure by *scire facias,* but must take notice of them. *Chickering* v. *Fails,* 26 Ill. 507 ; *Matteson* v. *Thomas,* 41 Ill. 110.

But what was the object of the record of the mortgage ? It was good between the parties without record, but it could not take effect and be in force as to subsequent purchasers unless recorded, or there was actual notice. The object of recording was to afford notice to subsequent purchasers. Scates' Comp. 969, sec. 23.

The proof shows that they had sufficient notice. Within a month after the fire they obtained the deed, under which they now claim title. This deed recites that it was made in lieu of deeds destroyed by the fire, and that one of them was dated

in 1852.   This date is subsequent to the record of the mortgage.   In the index, which was preserved from the fire, is contained an entry of a deed, from the mortgagor to these subsequent purchasers of the same land, and dated in 1852.

The mortgage was then recorded, and the record was, at that time, at all events, constructive notice to the purchasers. They then had knowledge of it.   Did the burning efface such knowledge and render ineffectual the notice which had been complete?   A mortgage is recorded to-day, and takes effect and is in force as to all subsequent purchasers from the fact of record.   A third party, to-morrow, purchases the mortgaged land, receives a deed and places it upon record. On the next day the records are burned.   Does this burning destroy the notice which had been given to the purchaser, and the knowledge which he had acquired?   Such a conclusion is preposterous.

It must also be apparent that the index and file book afforded notice of the existence of the mortgage, or that the mortgagee had some claim upon the land.   The statute requires the recorder to keep such books in his office.   Scates' Comp. 967, sec. 7.   Upon the destruction of the principal records, these books were still notice of the entries made in them.

The objection to the form of the acknowledgment is not well taken.   The conclusion is inevitable, from the language used, that the acknowledgment was made before the officer. The precise language of the statute need not be used.

Upon the whole case, we are of opinion that the proceeding to foreclose by *scire facias* was right, and that Baker, the grantee of the purchasers at the judicial sale, is an innocent purchaser, and entitled to protection.   His deed must be regarded as paramount.

The decree of the court, as to the land purchased by Baker, is reversed, and the cause remanded.

                                        *Decree reversed.*