## ALBERT R. SHANNON *et al.*

### *v.*

## JAMES HALL *et al.*

1. RECORDING ACT—*effect of destruction of records.* Where a mortgagee places his mortgage upon record, his rights under it are fixed, and it is notice for all time, and the destruction of the record books does not extinguish or destroy such notice, nor affect the rights of the mortgagee injuriously.

2. SAME—*mortgagee not obliged to incur expense of restoring, under act for restoring burnt records.* The fact that the records have been destroyed by fire, and an act of the General Assembly passed to restore them, imposes no obligation upon a mortgagee, whose mortgage was duly recorded before such destruction, to incur the trouble and expense of the restoration of his mortgage.

3. A mortgage was duly recorded, and afterwards the records were destroyed by fire, and an act of the General Assembly passed providing for the restoration of the lost records, but the mortgagee took no steps to have the record of his mortgage restored. After the destruction of the records, the mortgagor sold and conveyed the mortgaged premises to one who had no knowledge or information of the existence of the mortgage, and who took possession of the premises, claiming to have a perfect title thereto, of which fact the mortgagee had notice six years before a bill was filed to foreclose the mortgage, but such purchaser was not induced to make such purchase by anything done or said by the mortgagee: *Held,* on a bill to foreclose the mortgage, that although there were equities on the side of the defendant, they were not superior to those of the mortgagee, and that he was entitled to have his mortgage foreclosed to pay the mortgage indebtedness.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Messrs. BELL & GREEN, for the plaintiffs in error.

Mr. S. Z. LANDES, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in equity, in the Wabash circuit court, exhibited at the April term, 1871, by Albert R. Shannon and James R. Webb, executors of the last will and testament of Samuel D. Ready, deceased, to foreclose a mortgage on certain lots in the town of Mt. Carmel, executed by one William T. Page to Ready, in his lifetime.

Page was brought in by publication, and the other defendants appeared and answered. At this stage of the proceedings, it was agreed between the parties that the answers should be considered as if sworn to by all the defendants; that, in addition to the bill, answer, exhibits and replications, the following shall be taken as all the facts proved on the hearing and considered by the court: That the principal of the note and the interest accrued since November 1, 1865, are unpaid, the interest having been paid annually by Page to that time; that the mortgage in question was executed, acknowledged and recorded as alleged; that all of the deed and mortgage records were destroyed by fire when the court house was burned, April 7, 1857, and that the mortgage was not afterwards recorded; that Hall purchased and paid for the premises without any information or knowledge of the existence of the mortgage, and that those claiming under him purchased without notice; that a commission was held under the act referred to for about nineteen months, and that Ready knew, in the summer of 1865, that Hall was in possession of the mortgaged premises, claiming to have perfect title to the same.

The court, on this state of facts, found the equities to be with the defendants, and dismissed the bill of complaint, with costs.

To reverse this decree, the complainants bring the record here by writ of error, relying, for a reversal, upon the fact that the mortgage was duly recorded, and was notice to all persons,

and though the record was subsequently destroyed by fire, still Hall and all others were affected by it.   They insist that, inasmuch as Ready, their testator, had, in due time, placed the mortgage on record, he had done all the law required, and that from that day all persons are presumed to have notice thereof; and they further insist that the destruction of the record by fire destroyed none of his rights, and that, although a law was passed by the General Assembly to restore the records so burnt and destroyed, he was under no obligation to incur the trouble and expense of its restoration, and claim that the deed, when filed for record and recorded, was notice to all the world from the time of filing the same.

On the other side, it is insisted, as the note, to secure which the mortgage was executed, matured eighteen years before Hall purchased from Page, and twenty-two years before Hall sold to the Fredericks and Webert, twenty-four years before the defendants Ridgway and Kreider purchased from Fredericks and Webert, and more than twenty-five years before the commencement of this suit, and the public records showing no incumbrance on the premises, and as they all purchased in good faith, paying a valuable consideration, without any notice, actual or constructive, of any incumbrance, although the deed had been actually recorded in due time, the record of which had been destroyed by fire, still, as they purchased fairly and without notice, an equity arises in their favor, which a court of equity is bound to protect, the more especially as the mortgagee, Ready, in his lifetime, had actual notice that Hall claimed the premises by a perfect and unincumbered title more than three years before Hall sold to his co-defendants, Fredericks and Webert, and five years before suit brought.

There is nothing in the record to show these premises were improved, or in the actual possession of any one, at the time Hall purchased.

The sole question is, which of these parties should suffer— complainants, whose testator discharged his whole duty by placing his mortgage on record, or defendants, who purchased for value, without notice of any incumbrance, the record of the

mortgage having been, long prior to their purchase, destroyed by fire?

It may be asserted, as a correct general proposition, where a person does an act which the law requires him to do, and in the manner prescribed, he has performed his whole duty, and is entitled to the full benefit of its performance. The rights of Ready, the mortgagee, had become fixed by the record of his mortgage, which was notice for all time. Accident, no matter how disastrous, could not deprive him of these rights or affect them injuriously. What is the object of recording a deed of mortgage, or any other deed? One object certainly is, the security of the grantee, for thereby he is protected against a subsequent sale by his grantor, and we know of no principle of law or rule of equity which can deprive, or should deprive, him of this security. The mortgagee was prior in time, and we are not aware of any principle of law or equity which shall deprive him of the advantage of such priority.

It nowhere appears in this record, when Hall purchased of Page, the mortgagor, he made any inquiry of him as to the condition of the title. It was Hall's fault, or folly, that he did not make this demand of Page. The fact that the records were destroyed by fire, and an act of the General Assembly passed to restore them, imposed no obligation upon Ready to incur the trouble and expense of the restoration of his mortgage. Unless it can be established that it was his duty to observe this law, and, failing therein, he was guilty of a fraud upon the community, or committed gross negligence, which is its equivalent, he must be allowed to stand securely on his act of recording.

It is true, the defendants' case has much equity in it, but it can not be held to be superior to that of the complainants, and priority of time must determine the right. The accident of the fire, destroying the record, did not destroy the notice; it was not extinguished or lost by the destruction of the record book. In *Alvis et al.* v. *Morrison et al.* 63 Ill. 181, a conclusion that the burning of records can have this effect, the court say, is preposterous.

The lapse of time since the execution of the note and mortgage (November 4, 1845) can not affect the right of complainants, as the note has been kept alive by the payment of the annual interest up to November, 1865, and has yet seven years to run before it is barred by the Statute of Limitations.

The fact that Ready, in his lifetime, in 1865, knew that Hall was in possession of the premises, claiming the same by a valid and unincumbered title, can in no degree weaken the claim of complainants. It is not shown Hall was induced to make the purchase by reason of anything said or done by Ready, so as to estop his executors from asserting their rights. Unless it can be maintained, as we have before said, that the failure of Ready to restore the record of his mortgage, under the act of assembly, was a constructive fraud upon the community, no estoppel arises of which Hall or his co-defendants can avail.

Entertaining these views, the decree of the circuit court must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*