DANIEL W. GAMMON

*v.*

LEONARD HODGES *et al.*

RECORDS—*destruction of, does not affect notice to subsequent purchaser.* When a party places his deed or mortgage upon record he has complied with the law, and, though the records may be destroyed, the fact of recording is notice which is binding upon subsequent purchasers.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. GEORGE P. WHITCOMB, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by appellant in the circuit court of Cook county, against appellees, to enjoin the sale of certain lots in the city of Chicago, under a trust deed.

The appellees put in an answer to the bill, to which replication was filed. A motion was made to dissolve the injunction. On the hearing of the motion affidavits were filed in support of the answer, by appellees, and appellant filed affidavits to sustain his bill. The court dissolved the injunction, and appellant dismissed his bill and prayed and obtained an appeal.

It appears, from the evidence presented to the court on the motion to dissolve the injunction, that on the 22d day of November, 1870, appellee Seeberger owned the lots in controversy, which he on that day sold to Felix B. Higgins for $1000;

that Higgins paid $250 down and gave his three promissory notes for the balance, payable in nine, fifteen and twenty-four months; that to secure the payment of the promissory notes, Higgins executed and delivered to appellee a trust deed on the premises, in which Hodges, appellee, was named as trustee, with power of sale on default of payment.

This trust deed was filed for record in the recorder's office, in Cook county, on the 28th day of November, 1870, and duly recorded in book 640, on page 253. The record in which the trust deed was recorded was destroyed by fire October 9, 1871.

It further appears, that on the 25th day of July, 1873, appellant purchased the premises of one Francis Crocker, and obtained a warranty deed for the same. This purchase seems to have been made on an examination of the records, and upon the advice of counsel that the title to the property was valid in Crocker, and the records of Cook county showed no incumbrance upon the property.

These are, substantially, the facts upon which the court dissolved the injunction.

Several questions have been presented and discussed by the attorneys, on each side of this case; but in the view we take of the record before us, it contains but one meritorious question, and that is this : Is Seeberger, after he placed his deed of trust upon record as the law required, and the record subsequently having been destroyed by fire, bound to re-record his deed of trust or do any other act to notify subsequent purchasers, in order to be protected in his rights under the deed of trust ?

When Seeberger placed his deed of trust upon record, he did all that the law required. The record of the instrument was notice to the world of the title appellee held in the property under and by virtue of the deed of trust; after the record was destroyed the law did not require him to record the deed a second time. If appellant saw proper to buy the property, he purchased at his peril.

It is true, a party who owns real estate in Cook county, may, if he thinks proper, in case the record of his title has been

destroyed, again record his title papers; yet he is under no legal obligation to incur that expense.

It is no doubt true that a large number of deeds and other instruments of writing, relating to land in Cook county, which were recorded previous to the fire, have been lost or destroyed, and could not be produced. To hold, therefore, that the owner of property was required to again record the title papers or be liable at any moment to lose the title, would be establishing a precedent of the most dangerous character.

The result of the doctrine contended for by appellant would compel, in numerous instances, parties who owned real estate in Cook county, to take immediate possession, or otherwise their titles would be at the mercy of subsequent purchasers.

The question presented by this record is not a new one in this court. Substantially the same point arose in *Shannon* v. *Hall*, 72 Ill. 354, and it was there held, that when a party had placed his deed or mortgage upon record, he had complied with the law, and even should the record be destroyed, yet the recording in the first instance was notice which would be binding upon a subsequent purchaser. See, also, *Alvis* v. *Morrison*, 63 Ill. 181. We are, therefore, of opinion that the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*