75   457
25a   87
75   457
69a  240

# TRUMAN W. STEELE

*v.*

# LEVI D. BOONE *et al.*

1. NOTICE—*afforded by recording deed not affected by destruction of records.* The destruction of the record of a deed of trust will in no manner affect the constructive notice afforded by its being recorded.

58—75TH ILL.

2. RECORDING — *sufficiency of proof that a deed was not recorded.* Proof by an attorney of a purchaser of real estate, where the records were destroyed by fire, that he examined an abstract of the title to the property, which purported to be a full and complete abstract, and did not find a prior deed of trust upon the premises, is not sufficient to show there was no record of the same, there being evidence that the deed was filed for record on the day of its execution, as it does not follow that the abstract was what it purported to be.

3. CHANCERY PRACTICE — *evidence must be preserved.* Where the record shows that, upon the dissolution of an injunction, evidence was heard upon the assessment of damages, but does not show what the evidence was, nor what facts were found therefrom by the court, a decree awarding damages will be reversed for the error.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. LOUIS E. BATAILLE, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in chancery, exhibited by appellant against appellees, in the court below, to enjoin the sale of certain real estate in the city of Chicago by virtue of a certain deed of trust. The grounds upon which the relief was asked are, that no such deed of trust as that under which the sale was threatened to be made, was ever executed by the parties claimed to be the grantors therein; and that appellant was a purchaser of the property in good faith, without either actual or constructive notice of the existence of any prior deed of trust.

Answers were filed by the several defendants under oath, and affidavits in support of both the bill and the answer were also filed. On motion of the solicitors for appellees, the injunction was dissolved, whereupon appellant dismissed his bill, by leave of the court, and appealed from the decree dissolving the injunction.

We see no cause for disturbing the decree dissolving the in-

junction. The fact that Crocker and wife, the prior owners of the property, executed the deed of trust, seems to be established by a preponderance of the evidence, as furnished by the affidavits. They, indeed, deny that they executed the instrument, and claim that they simply signed certain blanks, which they intrusted to a real estate agent, since deceased, to fill up, but they are contradicted by Hamilton, who is apparently disinterested, and Lowethall, one of the appellees; and Crocker is further contradicted by the written statement acknowledging the existence of the deed of trust as a lien on the property, made by himself on the 28th day of June, 1872.

The fact that there was no notice of the deed of trust, of record at the time appellant purchased, is fully and satisfactorily explained. The deed of trust was executed on the 8th day of April, 1871, and filed for record in the proper office on the same day. In the following October, all of the records belonging to the county were destroyed by conflagration. There is nothing to show that the abstract of title examined by appellant's attorney, Mr. Bataille, was a complete and accurate abstract of the title to the property up to the time appellant purchased. His statement is — " Affiant further avers, that, according to his recollection, the abstract of title examined by him, purported to be a full and complete abstract of the title to said premises," etc. It does not follow that the abstract was, in fact, what it purported to be; Mr. Bataille's knowledge does not go that far. It was not such a record as imports verity, and, until its accuracy was first proved, no presumptions can be indulged in its favor. So far as we can perceive, it could have no more force than any other private memorandum, made for the convenience of its owner. The fact that the record of the trust deed was destroyed, in no manner affected the notice afforded by its recording. Appellant was bound to know that it had been recorded, assuming, of course, that such was the fact, notwithstanding that the record showing it was destroyed. *Alvis et al.* v. *Morrison*, 63 Ill. 181.

The court below, also, on dissolving the injunction, on suggestions being filed for that purpose, assessed damages against appellees to the amount of $90, which they are ordered to pay. Although the record shows that evidence upon this subject was heard, it does not show what the evidence was, nor what facts were found therefrom by the court. This was error. We have repeatedly held that the evidence must, in this respect, be preserved in the record. *Hamilton* v. *Stewart,* 59 Ill. 330; *Albright et al.* v. *Smith et al.* 68 ib. 181.

So much of the decree as dissolves the injunction is affirmed, but so much thereof as directs the payment of damages is reversed.

The costs in this court will be equally divided between the parties.

*Decree reversed in part.*