## JAMES HALL

### v.

## ALBERT R. SHANNON et al.

1. RECORDING LAW—*destruction of record does not affect notice.* Where a mortgagee places his mortgage on record, his rights under it are fixed, and it is notice for all time, notwithstanding the destruction of the record, and the mortgage may be enforced against a subsequent purchaser from the mortgagor, although he had no actual knowledge of the mortgage.

2. SAME—*subsequent purchaser from mortgagor—representations by the latter—possession by mortgagor.* The fact that the mortgagor, when selling the mortgaged property, informed the purchaser that the title was perfect and subject to no incumbrance, will not change the rule or affect the rights of the mortgagee, who had no knowledge of such representations, nor will the fact that the mortgagor remained in possession of the premises, and paid the taxes thereon, that not being inconsistent with the lien created by the mortgage.

APPEAL from the Circuit Court of Wabash county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. S. Z. LANDES, for the appellant.

Messrs. BELL & GREEN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This cause was before us at the June term, 1874, when the decree of the circuit court dismissing the bill was reversed, and the cause remanded for another trial. Since that decision another hearing was had in the circuit court, which resulted in a decree in favor of complainants, conformable to the opinion of the court.

When the case was previously before us, it was held that where a mortgagee places his mortgage upon record, his rights under it are fixed, and it is notice for all time, and the destruction of the record books does not extinguish or destroy such notice, and the mortgagee was entitled to foreclose his mortgage as against a purchaser from the mortgagor, although such purchaser had no actual knowledge of the existence of the

mortgage. See *Shannon* v. *Hall*, 72 Ill. 354. The views expressed in the case cited were in harmony with prior decisions of this court, where similar questions have been presented, and the same doctrine has been announced in subsequent cases. *Alvis et al.* v. *Morrison*, 63 Ill. 181; *Steele* v. *Boone*, 75 Ill. 457; *Gammon* v. *Hodges*, 73 Ill. 140.

But it is insisted, on behalf of appellant, that this record contains two-features which clearly distinguish it from the record upon which the former decision was made, and upon that account the decree of the circuit court is erroneous.

The first new feature in the record supposed to take the case out of the operation of the former decision is, that it was proved, or offered to be proved, by Hall, that when he purchased of Page he made diligent inquiry of him as to the title, and was informed that the title was perfect and unincumbered, and that he, Page, had owned the property and paid taxes thereon for twenty-eight years. The other additional fact appears in the stipulation, and was in evidence, and is to the effect that Page had occupied the mortgaged premises, from a short time before the date of the mortgage until 1850, as a homestead, and that his tenants had occupied the same as a residence, continuously, from that time until Page conveyed to Hall, Oct. 19, 1864.

We will not stop to determine whether Hall's evidence, under the statute, was admissible as against complainants, who sued as executors, but we will treat the evidence as having been admitted and considered by the court; but, after giving this evidence all that weight which it is entitled to receive, and at the same time giving the proof of possession by Page due consideration, we can not still hold that Hall was protected as against the mortgage. When Ready, the mortgagor, filed this mortgage for record, he did all the law required of him to notify subsequent purchasers that he had a lien on the premises. His rights could not be affected or his lien impaired by the destruction of the records by fire. He was not the custodian of the records, or in any manner responsible for their safety. If that notice which the mortgagee gave by filing and recording his

mortgage was lost or destroyed by accident or the negligence of those entrusted with the care and custody of the public records of the county, and appellant was induced to purchase property which he otherwise would not have bought, and loss has ensued, that loss can not be visited upon Ready, or his legal representatives, upon the plain principle that they have not been in fault.

It would be a strange doctrine, to hold that a mortgagee, who had done all the law required in order to protect his rights, should be defeated in his lien by an act in which he was not concerned, and for which he was in no manner responsible. Conceding it to be true that the mortgagor, when he sold to Hall, informed him that the premises were free from all incumbrances, such fact could not affect the rights of the mortgagee. He had no knowledge of such representations, and can not be bound by them. Had he stood by and heard the representations made, and took no steps to correct them, a different question would be presented. But such was not the case. The mortgagee was a stranger to the representations. He had no knowledge of them, and if Hall was misled by the false representations of Page, the mortgagor, he alone must be held responsible; or, if Hall has sustained loss in consequence of such representations, he must bear the loss rather than the mortgagee, who was free from fault or negligence.

The fact that the mortgagor occupied the premises after the mortgage was given, is of no importance. He had a right to the possession and use of the property until such time as the mortgagee saw proper to foreclose the mortgage, or bring ejectment for possession for condition broken. There was no inconsistency in the mortgagor holding possession of the premises, and at the same time the mortgagee retaining a valid and binding lien for the amount of money secured by the mortgage.

The additional facts in this record, which were not in the former one, are not regarded of sufficient importance to change or modify the former decision.

The decree of the circuit court will, therefore, be affirmed.

*Decree affirmed.*