## Karl D. Lengfelder v. A. K. Smith.

1. EQUITY PRACTICE—*No Evidence Necessary to Support a Decree Dismissing a Bill.*—A decree dismissing a bill or petition needs no evidence to support it. It is supported by the absence of evidence, since that is the proper decree where there is no evidence or where it is insufficient to authorize the relief asked for.

2. APPELLATE COURT PRACTICE—*Exceptions not Taken in the Court Below.*—The question of the propriety of the ruling of the trial court upon a motion to apportion the costs can not be raised in the Appellate Court when no exceptions have been taken to such ruling in the court below.

3. INJUNCTIONS—*Assessment of Damages on Dissolution.*—The court can not assess damages upon the dissolution of an injunction without evidence supporting such assessment.

**Bill,** for an injunction. Error to the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Affirmed in part and reversed in part. Opinion filed March 3, 1897.

LAIRD & LAIRD, attorneys for plaintiff in error.

Lengfelder v. Smith.

GEORGE B. LEONARD, attorney for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

In this case a temporary writ of injunction was granted, on the application of plaintiff in error, restraining the defendant in error and his attorneys, solicitors, agents and servants, from removing, tearing down, or in any way meddling with certain fences. An answer was filed to complainant's bill denying all the material allegations thereof, and after several continuances at the instance of complainant, the cause was heard upon the bill and answer, and proof in open court.

The court found the equity of the cause to be with the defendant, and entered an order that the cause be dismissed and the injunction be dissolved. It was further ordered that the defendant recover judgment against complainant for $30 damages, on suggestion of defendant. The court also overruled complainant's motion to apportion costs, but no exception was taken to this ruling, and hence the question of its propriety is not presented. It is contended on behalf of plaintiff in error that there is no evidence in the record on which to base the decree, or to authorize the assessment of damages; that the only reference made to evidence is the statement in the decree: "And this cause coming on to be heard upon the bill of complaint and answer of defendant, proofs being heard in open court, the court finds," etc.

A decree dismissing a bill or petition needs no evidence to support it. It is supported by the absence of any evidence, since that is the proper decree in case there is no evidence, or if the evidence is insufficient to authorize the relief prayed for. It would be different if affirmative relief had been granted. Parsons v. Evans, 17 Ill. 238; Culver v. Hide & Leather Bank, 78 Ill. 635; First Nat. Bank v. Baker, 161 Ill. 281. No reason for reversal is therefore furnished in this case, because the evidence on which the decree is based does not appear in the record. But it was error to assess damages without hearing evidence authorizing such assess-

ment, and this it appears the court did. So much of the decree as dissolved the injunction and dismissed the bill is affirmed; but so much thereof as awarded damages is reversed and cause remanded. Hamilton v. Stewart, 59 Ill. 330; Steele v. Boone, 75 Ill. 457.

Affirmed in part and reversed in part.