### Augustus Armstrong v. W. G. Bakewell.

The place in which a succession is opened, is, and in future shall be held to be, as follows, notwithstanding any former law to the contrary: In the parish where the deceased resided, if he had a domicil or fixed place of residence in the State; in the parish where he left landed property, if he had neither domicil nor place of residence in the State; or in the parish in which it appears from the inventory that his principal property was situated, if he had property in several parishes; in the parish where he died, if he had no certain or any fixed property. C. P. 929.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Ad. D. Dapré, Jr.*, and *J. Q. Bradford*, for plaintiff. *Hynes & Gordon*, for defendant and appellant.

LABAUVE, J. The plaintiff alleges that he is duly qualified as curator to the vacant succession of Henry Ackerman, who was domiciled in the Parish of St. Bernard, and that he was appointed by the District Court of the Second Judicial District of Louisiana, holding sessions in said Parish of St. Bernard.

That subsequently to petitioner's application W. G. Bakewell applied to the said Second District Court of New Orleans to be appointed, and was, after publication, appointed curator to the same succession. He avers that the judgment appointing said W. G. Bakewell curator, is null, for this: That the said Ackerman died domiciled in said Parish of St. Bernard, and the said District Court of New Orleans had no jurisdiction over the said estate. He further alleges that the said Bakewell was justly indebted to the said deceased in the sum of $441 35, balance due upon a note.

The plaintiff prayed that the judgment appointing said Bakewell be annulled, and that there be also a judgment decreeing said Bakewell to pay plaintiff, as curator, the said sum of $441 35, with interest.

The defendant answered in substance by a general denial, and pleaded specially that the deceased died in New Orleans. The Court below, after hearing the testimony, gave judgment as prayed for. The defendant took this appeal.

This case depends entirely on matters of facts as to where was the succession of the deceased opened. The Judge who tried the case below, was satisfied that the said succession was opened in the Parish of St. Bernard, and not in New Orleans, under his own jurisdiction, and accordingly annulled his judgment appointing said Bakewell, and also ordering said Bakewell to pay plaintiff as prayed for.

We see no reason to reverse the judgment appealed from, and it must be affirmed. C. P. Art. 929.

It is therefore ordered and decreed, that the judgment rendered below be affirmed, with costs.

---

### SAME CASE—ON A REHEARING.

.LABAUVE, J. In this case, a rehearing has been granted, on the ground that the judgment of this Court had been prematurely rendered, and before the delay of one week, granted to the appellant to file his brief, had expired.

We have re-examined the case, and we are satisfied that the judgment first pronounced was correct.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs, as it was by the judgment heretofore rendered in this case.