354 Taylor *et al. v.* Gilsdorff *et al.* [Sept. T.

Opinion of the Court.

# Frank C. Taylor *et al.*

*v.*

# Henry Gilsdorff *et al.*

1. Mechanics' lien — *where title to land is in trustee with power to build, power to make contract, with the statutory incident of a mechanics' lien, is implied.* Where a deed by which land is conveyed to a trustee, to be held for the use of others, gives authority to build upon and improve the land, and to borrow money and mortgage the premises to secure it, for the purpose of building, it follows that the power to make contracts for building exists with the statutory incident belonging to such contracts, that of a mechanics' lien.

2. A wife conveyed her real estate to a trustee in trust for herself during the joint lives of herself and husband, with remainder over to the heirs or devisees of the husband, and to the husband's heirs if he survived the wife and their children. In the deed was a provision that the property might be built upon and improved for the purpose of providing a revenue, and giving the husband and wife the general management of the premises, acting in concurrence and with the approval of the trustee, and for the purpose of so building or improving; power was given to sell any portion of the premises, or to mortgage the same to secure any loan for that purpose. The husband, in his own name, made contracts for the erection of buildings on the premises, and the buildings were so erected, with full knowledge of the wife and trustee, and without any objection on their part: *Held,* that the persons performing labor and furnishing materials were entitled to enforce a mechanics' lien against the whole estate.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. Howe & Russell, for the appellants.

Messrs. Woodbridge & Blanke, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a petition for a mechanics' lien, filed against appellants, for labor and materials furnished in constructing certain dwellings on lot 4, block 16, in Bushnell's addition to Chicago.

The case was submitted to a jury in the court below, which found the amounts due the several petitioners. Their verdict on this point is not questioned. There was a decree granting the prayer of the petition, and ordering sale of the premises.

The premises were vested in a trustee, and it is urged as a ground for a reversal of the decree, that the whole estate in the premises could not be subjected to a mechanics' lien. The condition of the estate was this : On the 13th of June, 1871, Maria L. Taylor, wife of Frank C. Taylor, being seized in fee of lot 4, conveyed it to Ira Scott, as trustee. Without now dwelling upon the several provisions of the trust deed, it may be considered as vesting the estate in the trustee, in trust for Mrs. Taylor during the joint lives of herself and husband, with remainder over to the heirs or devisees of the husband, and to the husband himself, if he survived the wife and their children. Frank C. Taylor made, in his own name, contracts with the several petitioners for the improvement of the lot by the erection of a block of houses. These contracts were made while Scott was trustee. Afterward he resigned, and on a bill filed by Taylor and wife, one Milliken was appointed trustee by the Superior Court of Cook county. Milliken, as trustee, mortgaged part of the premises to Howe, to secure the payment of certain sums of money to the Franklin Savings Bank, and sold part to George Taylor, who are all defendants to the petition. The bill claims that the entire premises be subjected to the lien of the petitioners ; that the rights acquired under these conveyances are subject to their liens, and that the whole estate be sold to pay their demands.

The claim is, that the interest in remainder in this estate, held by the trustee for the heirs of Taylor, cannot be subjected to a mechanics' lien.

Section 1 of the lien act provides, " any person who shall, by contract with the owner of any piece of land, furnish labor or materials," shall have a lien, etc.

Section 17. " The person who procures the work or materi-

als to be done or furnished, shall be considered the owner, to the extent of his right or interest in the premises."

Section 21. "Parties in interest shall include all persons who may have any legal or equitable claim to the land."

There must be a contract with the owner. And it is contended that it is only the real and beneficial ownership which is subject to the lien; that a trustee, who holds property for another's use, is not the owner intended by the statute; that the *cestuis que trust* are the real owners, and have the estate that the statute intends.

The particular provisions of the instrument creating the trust, must affect the question.

There is an express provision in this deed of trust, that the whole or any portion of the premises may be built upon and improved, for the purpose of providing a revenue, and giving Frank C. and Maria L. Taylor the general management of the premises, acting in concurrence and with the approval of the trustee. And for the purpose of so building or improving, power is given to sell any portion of the premises, or to mortgage the premises to secure any loan for that purpose.

There is no absolute equitable estate, created in behalf of the children. Their estate is one, under the provisions and conditions of the trust deed. It is expressly made subject to be defeated by a mortgage for the purpose of building, and in part, by a sale of any portion for that purpose. And we do not see why, by clear intent, it is not made impliedly subject to be defeated by a building contract lien. Authority is given to build. A contract for building is necessary. A mechanics' lien is a statutory incident of such a contract.

The giving of the authority must be regarded as contemplating its ordinary incidents, and that they would exist. The power to raise money by sale or mortgage, can only be cumulative. It cannot be held to exclude the power to make contracts for building, having the statutory incident belonging to such contracts, that of a mechanics' lien. There is nothing in the instrument to favor such an idea. For the purpose of

building, there may be created upon the whole estate, a lien by mortgage; and there appears no good reason why it may not be created by a contract for building. Because Frank C. Taylor made the contract, to hold that only his particular equitable interest in the premises, or that of himself and wife, should be subjected to the lien, is to take a too narrow view of the statute, and give an unreasonable construction to the trust deed. The improvement is not for the advantage of Taylor and wife alone, but inures to the benefit of the whole estate. The trustee owned the legal estate in the land, with the right of improving it by building, and of charging it for such purpose, by sale or mortgage.

We cannot doubt, that he was such an owner, within the meaning of the statute, that the entire estate in the premises was capable of being subjected to a mechanics' lien.

It is next objected, that the trustee did not concur in, or approve of, the contracts made by Taylor.

The objection arises under this provision of the trust deed: "That the whole or any portion of the premises may be built upon and improved, and that during the joint lives of the said Frank C. and Maria L. Taylor, they shall have the general management of said premises, acting in concurrence and with the approval of the said Scott, and under the restrictions and limitations of all the trusts and provisions herein made."

There was no express concurrence or approval; all that there was, was only implied.

At the time of the making of the trust deed, Mr. and Mrs. Taylor occupied the premises as a homestead. Mr. Scott lived across the street from them. Before the buildings were commenced, Taylor informed Scott that he was going to build a block of buildings upon the lot. The latter knew of the buildings going up on the premises. He never objected, or made hint of disapproval. But no express concurrence or approval appears.

It is material to consider the position of the latter as trustee. He was for the most part a passive trustee. He would

seem to have had little more than a negative on the acts of management of Taylor and wife. The general management of the premises was in them, acting, it is true, in concurrence and with the approval of Scott. In case of a sale of any portion of the premises, it was to be on such terms and in such manner as the Taylors should in writing request.

If there was to be a mortgage, it was only in case the Taylors should so elect, and they must unite in the mortgage, and it contain such covenants and provisions as they might deem best. It was not designated what was to be the mode of concurrence and approval, or how they should appear, except in the case of a deed or mortgage. The trustee was to unite in them. The general management of premises so situated would involve the doing of many important and constantly recurring acts, for the performance of which it could not be reasonably expected that the express approval and concurrence of the trustee should be obtained.

Express concurrence and approval were not required by the trust deed.

The dwelling-house upon this lot, in which the Taylors resided, had been burned.

To rebuild, the best interest of all concerned would seem to require. The buildings were being erected by those intrusted by the trust deed with the general management of the property, whose own personal interests were chiefly involved, furnishing a guaranty that the construction of the buildings would be in a manner which would be most advantageous to the estate. This, for the most part, passive trustee would seem to have had no occasion to withhold his concurrence or approval, and there is no pretense that he did. Having been informed beforehand of the intended erection of the buildings, and they going up before his own eyes, absence of disapproval, under such circumstances, amounted to approval.

Concurrence and approval may be by conduct, as well as by word. And especially would those entering into contracts with Taylor for furnishing labor or materials, have the right

to infer the fact of concurrence and approval, from such conduct.

We are of opinion that there was sufficient evidence, from which to infer the implied concurrence and approval of the trustee, and that no more than that was here required.

Although the contracts were made by Frank C. Taylor alone, the evidence shows that Mrs. Taylor knew and approved of them, and gave directions during the progress of the work, so that, so far as here may be necessary, she may be considered as a party to the contracts.

One of the claims upon which a lien was allowed, that of the Baumanns, is for services as architects and superintendents, and it is insisted that they have not furnished either labor or materials for erecting the buildings, within the meaning of the statute, and so are not entitled to a lien. The claim was not for services as mere architects, but as architects and superintendents. The jury found in favor of the claim. Without saying how it might be with a mere architect, who simply drew a plan of the buildings, we cannot say that in the work of superintendence of the buildings, the jury were not authorized to find that there was such labor, which was within the act which provides a lien for any person who shall "furnish labor for erecting any building." Like views seem to have been held elsewhere under similar statutes. *The Bank of Pennsylvania* v. *Gries,* 35 Penn. 423; *Mulligan* v. *Mulligan,* 18 La. Ann. 30.

*Decree affirmed.*

Mr. JUSTICE McALLISTER, dissenting : The trust under which Scott held the premises was not a mere passive, but an active trust. So that the legal title was in him, notwithstanding the statute of frauds. The provisions of the mechanics' lien law, make an oral or implied contract valid for the purpose of a foundation for proceedings which may divest title. In other words, such a contract is thereby rendered valid, and, under the provisions of the act, is one which relates to and affects an interest in

real estate. But the statute requires, in order to give an oral contract such an effect, that it be made with the owner. This statute, for obvious reasons, has heretofore received, in this court, a strict construction. By such a construction, the legal title could only be affected by the contract on which the lien is predicated, by Scott becoming a party to it. It is not pretended that he became a party to it. But the opinion of the majority of the court goes upon the ground that knowledge by the trustee of the fact of the improvements being made, and the silence of the trustee, are equivalent to his becoming a party, and it is not placed upon or attempted to be brought within the range of the principle of estoppel *in pais.* I know of no doctrine or principle, aside from that of estoppel, upon which his silence and non-action could, under any circumstances, be regarded as equivalent to his execution of the written contract under which the lien is claimed to have arisen, and most certainly, the doctrine of estoppel *in pais* has no application to this case. His " concurrence," within the meaning of the trust deed, should, if the contract for improvements was in writing, have been manifested by writing; if oral, by being a party to it. In no other way could the title in him be divested by proceedings based upon the contract. Conceding that he was in no respect a party to the contract, and he clearly was not, the mere fact of silence, of non-action, or inattention does not constitute concurrence, which means more than passive or implied acquiescence. But *silence,* where a person is under no duty to speak or act, cannot be construed as either concurrence or acquiescence. The trustee was in no sense a party to the contract, nor did he have any agency whatever in procuring work or materials to be done or furnished. There is no view I can take of the case which brings it within the lien law, so as to subject the legal or entire interest in the premises to the lien.

Mr. CHIEF JUSTICE WALKER: I concur in the views expressed by my brother McAllister in this case.