# THE FRANKLIN SAVINGS BANK

*v.*

# JULIA S. TAYLOR.

*Filed at Ottawa January 21, 1890.*

1. PURCHASER FROM TRUSTEE—*application of the fund—duty of purchaser.* A trust deed, in declaring the trusts upon which real estate was conveyed, provided that the trustee should sell and convey a portion of the premises, for the purpose of raising funds to build upon and improve the remainder thereof, during the joint lives of the *cestuis que trust,* (a husband and wife,) upon their joint written request, etc., and that the trustee should at once, with the proceeds, erect on the remaining premises such buildings as the *cestuis que trust* might jointly direct: *Held,* that in case of a sale, the purchaser was not bound to see to the application of the proceeds thereof.

2. Where it appears that the donor of the power has confided the application of the purchase money to the judgment and discretion of a particular person or persons, it is conclusive that it was not intended to burden the purchaser with it.

3. PURCHASER *pendente lite — whether so regarded.* A person who purchases real estate, pays the price, and receives a deed therefor before the institution of a suit to enforce a mechanic's lien against the grantor, is not a purchaser *pendente lite,* and so is not bound by the appearance of the grantor in that suit.

4. SAME—*notice by lis pendens—when it begins to run.* Where there is no service of summons on a party in a suit to enforce a mechanic's lien, notice by *lis pendens* will not commence to run until his appearance is entered in the case.

5. HUSBAND AND WIFE—*agency of the former.* Proof that a man has acted with his wife's approval, in some few instances, in respect to her business affairs, is not evidence that she has approved of his acts in all instances. He may not enter her appearance in a suit without her knowledge or authority, or employ counsel to represent her, and if he does, his action in that regard will not bind her.

6. A married woman can not ratify the act of her husband in personally defending a suit against her and others, to establish a mechanic's lien, without her knowledge of the pendency of such suit, or of the fact she is claimed to have ratified.

7. The fact that a husband may have bought and paid for property for his wife, will not give him any more right to control the same than he would have over any other of her property.

8. DECREE—*as to persons not parties or privies.* The proceeding for the enforcement of a mechanic's lien is not one *in rem,* so as to bind others than parties and privies in the particular proceeding. The affirmance of such a decree will not affect one not bound by it as a party.

9. One not a party to a proceeding to restore a destroyed record of a deed, and who takes no benefit depending on the peculiar phraseology of the decree restoring the same, and who has done no act and has made no request to induce the proceeding to restore, will not be estopped by such decree from showing the true provisions of the original deed under which he claims.

10. ASSIGNEE OF DECREE—*subrogation.* The assignee of a decree in a mechanic's lien proceeding will have no greater rights or equities than the original lienholder had. The assignee will be subrogated to the rights of such lienholder under the decree, to the extent he was entitled to enforce contribution against property owned by others and burdened with the lien.

11. MECHANIC'S LIEN—*at what time it attaches—prior trust deed prohibiting further liens.* A mechanic's lien attaches when the contract is made with the owner of the property, and if a trust deed under which the property is held, prohibits positively the creation of any lien thereon in respect of improvements put upon the premises, such restriction will be enforced, and no lien can be established and enforced as to such property.

12. A trust deed authorized the trustee to make certain improvements on the property, *"provided, always,* there should be no lien, incumbrance or charge on the premises." The deed was duly recorded, but the records being destroyed by fire, and the deed itself being supposed also to have been destroyed, steps were taken under the Burnt Records act for the restoration of the record, and such trust deed was declared to be restored, but in fact left out the clauses against making any liens, etc., on the property. Before any steps were taken to restore the records, parties contracted with the trustee and *cestuis que trust* for the erection of buildings on the premises, under which contract the court declared certain liens against the property. The original deed being found, it was held that there could be no lien in favor of those furnishing materials and labor, as they did not rely on the decree restoring the records, and as they were chargeable with notice from the recording of the trust deed, notwithstanding the destruction of the records. ·

13. RECORDING LAW—*subsequent destruction of records.* The destruction of the record of deeds by fire will have no effect upon the constructive notice existing by virtue of the recording of a deed.

14. CLOUD UPON TITLE—*in what it may consist.* Where a decree is obtained for the sale of an entire lot which has been divided into sub-lots, which is erroneous as to one of the sub-lots, and the whole is sold, the owner of the sub-lot which was improperly included in the decree, not being bound thereby, may file his bill to have the sale as to his lot set aside as a cloud on his title.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Maria L. Taylor was the owner in fee of lot 4, in block 16, in Burrell's addition to Chicago, and on the 13th of June, 1871, she and her husband, Frank C. Taylor, conveyed it, in trust, to Ira Scott, trustee, and to his successors in trust, and the deed was duly recorded a day or so afterwards. Frank C. Taylor, husband of Maria L., made contracts for improving the property, and borrowed money therefor of the Franklin Savings Bank, and secured the same by mortgage, executed by himself and wife, upon this lot, but that mortgage was subsequently released. On the 13th of January, 1873, Maria L. Taylor, and Frank C. Taylor, her husband, filed their petition in the Superior Court of Cook county, under the statute popularly known as the "Burnt Records act," alleging the destruction of the original trust deed, and the record of it, by fire, and praying that it be restored. The children of the petitioners, the Franklin Savings Bank, Ira Scott, and Francis B. Peabody, who had been appointed successor in trust to Scott, were made defendants. Decree was rendered, restoring the trust deed, as prayed, on the 19th of March following.

On the 11th of April, 1873, Julia S. Taylor, wife of George Taylor, took possession of that part of lot 4 which, upon a subdivision subsequently made, became sub-lot 3, and she and her husband and children thereafter resided upon it as their homestead. Maria L. Taylor and Frank C. Taylor made a subdivision of lot 4, and divided it into sub-lots, numbered 1, 2, 3, 4 and 5, and filed a plat thereof in the proper office, on the

13th of June, 1873. Thereafter, both Scott, and Peabody, his successor in trust, having refused to act as trustees, a decree of the Superior Court was obtained on the 19th of August, 1873, appointing Mulliken as successor in trust, under the Taylor deed, and on the 23d of August, 1873, Maria L. Taylor, Frank C. Taylor, and Mulliken, as trustee, executed four mortgages, one on each of the sub-lots 1, 2, 4 and 5, to secure a promissory note of $9000, with interest, to the Franklin Savings Bank, and these mortgages were duly recorded two days after the date of their execution.

On the 13th of September, 1873, Henry Gilsdorff filed, in the circuit court of Cook county, his petition for a mechanic's lien against lot 4, taking no notice of the subdivision, for amount due for carpenter work in erecting five buildings on that lot. Subsequently, F. and E. Bauman filed intervening petitions for mechanic's liens against the same property, for amount due for services as architects and superintendents in constructing these buildings. Frank C. and Maria L. Taylor, and their children, and also the trustee, Mulliken, the Franklin Savings Bank, and Howe, trustee in the mortgages to that bank, and George Taylor, were made defendants. Julia S. Taylor was not made a defendant. No summons was ever served upon either of the defendants. On the 10th of November, 1873, Maria L. Taylor and Frank C. Taylor, and Mulliken, as trustee, made deeds of sub-lot 3 of lot 4 to Julia S. Taylor, and they were duly recorded on the 15th of that month.

Answers were filed to the petitions for mechanic's liens, by Maria L. Taylor and Frank C. Taylor, and the guardian *ad litem* for their children, on the 21st of February, 1874; but there is nothing in the record to show jurisdiction in the case over their persons, before that time. On the 13th of July, 1874, the other defendants in the case filed a joint and several answer. Decree was rendered in the cause, establishing the liens as prayed, on the 20th of July, 1874, and that decree

was subsequently affirmed by this court. (*Taylor et al.* v. *Gilsdorff et al.* 74 Ill. 354.) After this, on the 19th of March, 1875, the Franklin Savings Bank paid the amount due upon the decree in that case, and took an assignment of the decree to itself.

On the 26th of June, 1876, the Franklin Savings Bank filed its bill, in the Circuit Court of the United States for the Northern District of Illinois, to foreclose the mortgages executed to it by the Taylors, and Mulliken, trustee. Before any decree of foreclosure was entered in that case, and on the 26th of April, 1878, a bill for review of the decree restoring the trust deed was filed in the Superior Court of Cook county, alleging that the original trust deed had been found, and that it was materially different from the deed as restored. All persons who were parties to the bill restoring the trust deed were made parties to that bill, and it was thereupon decreed that the decree restoring the trust deed be reviewed, reversed and set aside, and the bill therefor dismissed, but it was provided that nothing therein should deprive the Franklin Savings Bank, or the trustee acting under the restored deed, of any rights they might have in the property conveyed in trust, their rights therein not having been adjudicated in that proceeding. Subsequently, a decree of foreclosure was entered by the Circuit Court of the United States, foreclosing the mortgages of the Franklin Savings Bank. The property mortgaged was bought by Thomas, president of the bank, for the bank, and certificates of purchase were issued to him. Before any deeds were executed, on the 20th of July, 1880, the certificate of purchase for sub-lot 2 was assigned to the children of Maria L. and Frank C. Taylor, and the bank then also released to them all claim under the mechanic's lien decree, against that lot. Afterwards the bank obtained deeds for sub-lots 1, 4 and 5, and on the 21st of June, 1881, it caused sales to be made under the mechanic's lien decree, at which it was the only bidder. It caused the lots to be offered in the following order: First,

sub-lot 5, for which it bid $150; second, sub-lot 4, for which it bid $150; third, sub-lot 1, for which it bid $150; fourth, sub-lot 3, for which it bid the balance due on the decree— $12,537.92. The lots were struck off to the bank on these bids, and deeds were made to it in accordance therewith.

George Taylor died on the 18th of August, 1881, and the present bill was filed to set aside the sale of sub-lot 3, and the deed pursuant thereto, as a cloud upon complainant's title, on the 18th of February, 1884. The circuit court decreed that the sale, and deed pursuant thereto, were void and of no effect as against the title of the complainant, and that they be set aside. The case comes here by the appeal of the Franklin Savings Bank, and errors are assigned which bring in review the correctness of the decree.

Messrs. SWIFT, CAMPBELL & JONES, for the appellant:

Appellee did not acquire, by the deed from Mulliken, and Frank C. Taylor and wife, an estate in fee simple. The validity of the decree under the claim of appellant was affirmed by this court in *Taylor* v. *Gilsdorff*, 74 Ill. 354.

Whatever the interest may be which appellee acquired by the trustee's deed, or by the warranty deed of Frank C. Taylor and wife, she acquired such interest subject to the mechanic's lien. The lien attached at the time of making the contract. *Clark* v. *Moore*, 64 Ill. 273.

Appellee was bound by the mechanic's lien decree, by virtue of the fact that her husband represented her throughout the proceedings which resulted in the decree.

If the decree in the mechanic's lien suit did not conclusively bind appellee, yet her interest in the premises being, at the time of the filing of the bill, subject to the mechanic's lien, her only right is to redeem. *Cutler* v. *Jones*, 52 Ill. 85; *Taylor* v. *Adams*, 115 id. 570; *Lehman* v. *Roberts*, 86 N. Y. 232.

382          FRANKLIN SAVINGS BANK *v.* TAYLOR.

Brief for the Appellee.    Opinion of the Court.

Messrs. PECKHAM & BROWN, and Mr. GEORGE W. SMITH, for the appellee:

A mechanic's lien suit not being a proceeding *in rem*, a person's interest in land can not be bound by the decree therein, unless he is made a party or has acquired his interest *pendente lite. Kimball* v. *Cook*, 1 Gilm. 423; *West* v. *Fleming*, 18 Ill. 248; *Shaffer* v. *Weed*, 3 Gilm. 511; *Williams* v. *Chapman*, 17 Ill. 423; *Steigleman* v. *McBride*, id. 300; *Dunphy* v. *Riddle*, 86 id. 22; *McGraw* v. *Bayard*, 96 id. 146.

Mr. Taylor was a purchaser *ante litem*, and not *pendente lite.* Bennett on Lis Pendens, secs. 228, 229; *Hunt* v. *Hawes*, 52 N. H. 162.

Party in possession claiming ownership can not be affected by a suit afterward brought against the vendor for a relinquishment of title, to which vendee is no party.    Freeman on Judgments, sec. 207; *Haughwout* v. *Murphy*, 22 N. J. Eq. 545; *Parks* v. *Jackson*, 11 Wend. 442.

As to *lis pendens*, see *Sanford* v. *Finkle*, 112 Ill. 147; *Grant* v. *Bennett*, 96 id. 315; *Bennitt* v. *Mining Co.* 119 id. 9.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

*First*—The original deed of trust provides, in the second clause declaring the trusts, that "the said Ira Scott, or his successors in trust, shall bargain, sell or convey a portion of said premises for the purpose of procuring funds to build upon and improve the remainder thereof during the joint lives of said Frank C. and Maria Louise Taylor, upon their joint written request, and such request shall be signified by their joining with such trustee in the execution of the deed or deeds of conveyance. * * * And said Ira Scott, or his successors in trust, shall at once, with the proceeds of such sale, erect on that portion of said premises remaining unsold, such buildings and improvements as said Frank C. Taylor and Maria Louise Taylor, jointly, shall direct."    The deed of Frank C. Taylor and Maria Louise Taylor, executed at the same time that the deed was

executed by the trustee, to appellee, was a sufficient compliance with this provision, and hence we are of opinion, that, as respects appellee, the power of sale and conveyance was properly exercised.   We do not think that the case is one wherein the purchaser is bound to see to the application of the purchase money, because that is always a question of intention, to be determined from a construction of the instrument; and where it appears that the donor of the power confided the application of the purchase money to the judgment and discretion of a particular person or persons designated, it is conclusive that it was not intended to burden the purchaser with it.   2 Perry on Trusts (3d ed.) sec. 794.   Here, it has been seen, the sale is to be made upon the joint request of Frank C. Taylor and Maria Louise Taylor, and the trustee is to act, in erecting buildings and making improvements, as those persons "shall jointly direct.   There is, therefore, no opportunity for supervision and control of the purchase money by the purchaser.   In no view, however, are we of opinion that that question can be material here.   There being power to sell and convey, the legal title unquestionably, passed; and whether it is still charged with a trust in favor of those named in the original trust deed, is, obviously, a question that concerns those, only, who shall come before the court asking to have that trust executed, and showing their right to call upon the court for that purpose.

*Second*—Appellee was not made a party to the petition for mechanic's lien.   No one assumed to answer for her.   She denies that she ever authorized George Taylor, her husband, to appear for her or employ counsel to represent her in that proceeding,—or, indeed, that she ever knew of the pendency of that proceeding until since the deed sought to be set aside was executed; and there is no evidence in the record even tending to contradict her in this respect.   There is no proof that George Taylor was the universal agent of appellee, with full power to act, and bind her estate in all instances in which it was the subject of litigation, and proof that he acted with

her approval in a few instances, manifestly is no evidence that she would approve his acts in all instances. It can not be claimed that appellee ratified the acts of George Taylor in personally defending against the petition for mechanic's lien, for there can be no ratification without knowledge of the act ratified, and that is not only not proved here, but, as has been seen, it is expressly disproved. *Proctor* v. *Tows et al.* 115 Ill. 138.

*Third*—Appellee was not a purchaser *pendente lite*, the petition for mechanic's lien, and so she is not bound by the appearance of her grantors in that suit. She entered into possession of the property on the 11th of April, 1873, and she says she did so as owner. The deeds to her were executed on the 10th of November, 1873, and recorded on the 15th of that month. In consequence of the deaths of Frank C. Taylor and George Taylor, the proof is not very full as to when the consideration for the deeds was paid, nor whether money actually belonging to her was used in its payment. The preponderance of the evidence on the subject is, the payment was made at or before the execution of the deed; but whether George Taylor purchased the property with her money, or with his own money as a gift to her, can, in our opinion, concern no one in this proceeding. If George Taylor gave her the property, he had no more right to control it after the execution of the gift than he had to control any other property belonging to her. If he had been insolvent at the time, and his creditors were now properly before us complaining of the gift, a very different question than that which is before us would be presented. There was no service of summons, and no answer of Frank C. and Maria L. Taylor, or on behalf of their children, filed until the 21st of February, 1874, and the trustee's answer was not filed until the 13th of July, 1874, so *lis pendens* did not begin, as to any of the parties, until more than three months after appellee's title was vested in her. *Grant* v. *Bennett,* 96 Ill. 515; *Bennitt* v. *Wilmington Star Mining Co.* 119 id. 9.

*Fourth*—The proceeding on petition for mechanic's lien is not one *in rem*, so as to bind others than parties and privies in the particular proceeding. (*Dunphy* v. *Riddle*, 86 Ill. 22; *Kelly* v. *Chapman*, 13 id. 530; *Raymond* v. *Ewing*, 26 id. 329.) It necessarily follows that the affirmance by this court of the decree in *Taylor et al.* v. *Gilsdorff et al.* 74 Ill. 354, did not affect the rights of appellee.

*Fifth*—We do not think the case is one wherein appellee should have filed a bill to redeem. In our opinion, she is under no obligation to redeem, because there was no mechanic's lien against her property. Whatever rights appellant may have under the decree, it can have no greater rights than Gilsdorff and others had. It is subrogated to their rights, under the decree, to the extent that it is entitled to enforce contribution against property owned by others, and burdened, as was its property, with the incumbrance of this mechanic's lien. Sheldon on Subrogation, secs. 6, 154.

*Taylor et al.* v. *Gilsdorff, supra,* was decided on the restored record of the deed, which was not correct. In the first clause expressing the trusts, in the original deed, occurs this language: "It being, however, expressly provided and understood that the improvements now standing on said premises may be added to, altered or removed, and new buildings erected thereon: *Provided, always,* there shall be no lien, incumbrance or charge created thereby on said premises." And again, in the second clause expressing the trusts in the original deed, immediately following the language before quoted in reference to the power to sell and rebuild on and improve the remaining property, occurs the following: "*Provided, always,* that no charge, lien or incumbrance on said premises, or any portion thereof, shall be thereby created by said Ira Scott or his successors in trust." Neither of these clauses was in the record reproducing the deed of trust. Of course, *Taylor et al.* v. *Gilsdorff et al.* is *res judicata* as to the parties then before the court, but, as we have before herein held, it concludes no one else.

25—131 ILL.

The lien, as is shown by *Clark* v. *Moore*, 64 Ill. 273, cited by counsel for appellant, attaches when the contract is made; and therefore, in order to determine the rights of Gilsdorff and the Baumans to enforce their lien, we must ascertain what were their rights, under their contracts, when they were made.

The record shows that the contract with Gilsdorff was made on the 27th day of August, 1872, and that with the Baumans was made in March, 1872. The petition to restore the deed of trust was not filed until the 13th of January, 1873, and the decree thereon was not rendered until the 19th of March, 1873, and it is therefore impossible that either Gilsdorff or the Baumans can have been influenced in making their contracts by the restored record of the deed. The deed of trust was made and duly recorded in June, 1871, and all persons thereafter dealing with the property, or upon the faith of rights in connection with the property, were bound to know its precise terms. If that record had never been destroyed, no one would claim that a mechanic's lien could have been established against the property, and this simply because the deed expressly provides that no contract creating a lien shall be made. The restriction is not unreasonable, and it is such as the law will enforce. But the destruction of the record by fire had no effect upon the constructive notice existing by virtue of the recording. Thereafter, precisely as theretofore, all persons were bound to know that no lien could be created by virtue of a contract, against this property. (*Alvis et al.* v. *Morrison et al.* 63 Ill. 181; *Shannon et al.* v. *Hall et al.* 72 id. 354.) Had no attempt then been made to restore the deed, it is plain Gilsdorff and the Baumans could not have enforced their lien,—that is, they could not have enforced it had the actual provisions of the deed, as it was made, been before the court. But we have seen their contracts were uninfluenced by the record restoring the deed—they can assert no estoppel on that ground; and there is nothing in the record tending to estab-

lish that they were misled in that respect, especially by appellee. It is true, when appellee purchased, and when the deeds to her were executed, the decree restoring the trust deed was upon record. But she was no party to it; she took no benefit depending upon its peculiar phraseology; it was induced by no request or act of hers, and it is therefore impossible that she can be estopped by it from introducing in evidence and relying upon the provisions of the original deed itself, and so, necessarily, as against appellee, Gilsdorff and the Baumans had no right to a lien upon sub-lot 3, and, this being so, appellee owes no duty to redeem from any supposed lien in behalf of appellant.

*Sixth*—The conveyance to appellant assumes to convey the entire title to sub-lot 3. It is therefore such a cloud upon appellant's title as justified the filing of a bill to remove it. (*Hodgen* v. *Guttery*, 58 Ill. 431.) And, in the view we have expressed, the case is markedly different from *Taylor* v. *Adams*, 115 Ill. 570, and *Cutter* v. *Jones*, 52 id. 85, where the only right of the complainants was that of redeeming. Appellee's right is that of the property, and not one of redemption.

*Seventh*—It may be conceded that so much of the decree as directs an account is erroneous, but since no account has been taken, and no decree rendered thereon against appellant, it has done it no harm. It will not justify a reversal of the entire decree and a remanding of the cause.

That part of the decree is reversed, but in all other respects the decree is affirmed, and the entire costs will be taxed against the appellant.

*Decree reversed in part and in part affirmed.*