FRANK C. TAYLOR *et al.*

*v.*

ALFRED WALSON *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 8, 1899.*

1. TRUSTS—*when power of sale is properly exercised.* A power of sale given by trust deed to the trustee to convey any portion of the premises "free and clear from all trusts, * * * upon the joint written request" of the grantors, to be expressed by the grantors' joining with the trustee in a deed, is properly exercised by a warranty deed from the grantors, executed at the same time as a deed from the successor in trust, in which the grantors also joined.

2. SAME—*rights subordinate to power of sale are terminated by its exercise.* Rights of children in property conveyed by their parents in trust for the grantors and their children for use as a homestead or residence, but subject to a further trust empowering the trustee to sell the property free from all trusts upon joint written request of the grantors, are terminated by a proper exercise of such power.

3. SAME—*when question of consideration for a deed cannot be raised.* Persons whose rights in trust property are expressly subordinate to the right of the grantors in the deed of trust to have the property sold by the trustee free from all trusts, cannot question the

consideration for a deed executed in compliance with the power of sale, as that matter rests with the grantors and the purchaser.

4. BILLS OF EXCEPTION—*orders of court presumed warranted by facts in absence of bill.* The action of the trial court in permitting a person to become a party, and in setting aside his default and granting leave to plead, answer or demur, will be presumed, on appeal, to have been warranted by the facts, in the absence of a bill of exceptions or certificate of evidence showing the evidence before the court when the orders were made.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

On the 13th day of June, 1871, Maria Louise Taylor, being the owner of certain premises in Chicago, with her husband, Frank C. Taylor, executed the following deed of trust:

"This indenture, made this 13th day of June, in the year of our Lord one thousand eight hundred and seventy-one, between Maria Louise Taylor and Frank C. Taylor, her husband, of the city of Chicago, in the county of Cook and State of Illinois, party of the first part, and Ira Scott, of the same place, party of the second part:

"*Witnesseth:* That the said party of the first part, in consideration of the sum of one dollar to them in hand paid, the receipt whereof is hereby acknowledged, and in further consideration of the trusts and provisions hereinafter contained, have granted, bargained, sold, remised, released, conveyed, aliened and confirmed, and by these presents do grant, bargain, sell, remise, release, convey, alien and confirm, unto the said party of the second part, and to his successor, successors and assigns, forever, all the following described lot, piece and parcel of land in the city of Chicago, in the county of Cook and State of Illinois, the same being lot four (4) in the plat of subdivision of block sixteen (16), Bushnell's addition to Chicago, recorded in the office of the recorder of deeds of said Cook county in book 165 of maps, on page 51, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, in trust, nevertheless, upon the following specific trusts, namely:

"*Firstly,* for the use and benefit of the said Maria Louise Taylor and the children of the said Frank C. and Maria Louise Taylor, to be used and occupied by them as a homestead or

place of residence, subject, however, to the trusts and uses hereinafter contained.

"*Secondly*, and upon this further trust, namely: The said Ira Scott, or his successors in trust, shall bargain, sell and convey a portion of said premises for the purpose of procuring funds to build upon and improve the remainder thereof, during the joint lives of the said Frank C. and Maria Louise Taylor, upon their joint written request, and such request shall be signified by their joining with such trustee in the execution of the deed or deeds of conveyance. And these presents are also executed upon the further trust, namely: During the joint lives of the said Frank C. and Maria Louise Taylor, the said Ira Scott, or his successors in trust, shall bargain, sell and convey the whole or a portion of said premises, or so much thereof as may then remain unsold, free and clear from all trusts hereby created, upon the joint written request of the said Frank C. and Maria Louise Taylor, which shall be expressed by the said Frank C. and Maria Louise Taylor joining in the execution of such deed or deeds with said Ira Scott or his successors in trust. And said Ira Scott, or his successors in trust, shall at once, with the proceeds of such sale, erect on that portion of said premises remaining unsold, such buildings and improvements as the said Frank C. Taylor and Maria Louise Taylor jointly shall direct. And in case of the death, absence, inability or refusal to act of the said Ira Scott, then Francis B. Peabody, of said city, shall be and he is hereby appointed and made successor in trust to said Ira Scott, with like powers and authority. And said premises, or so much thereof as shall then remain unsold, or whatsoever property or assets said Ira Scott may, at the time of such succession, hold under and by virtue of these trusts, shall thereupon become wholly vested in such successor in trust, for the uses and purposes aforesaid.

"In witness whereof, said parties of the first part have hereunto set their hands and seals the day and year first above written.                    MARIA LOUISE TAYLOR,    [Seal.]

                                   FRANK C. TAYLOR.         [Seal.]"

This bill was filed by appellants, who were children of Frank C. and Maria Louise Taylor, to obtain a conveyance of the title and recover possession of lot 3 in the subdivision of lot 4, block 16, Bushnell's addition to Chicago. It appears from the allegations of the bill that on August 19, 1873, Charles N. Mulliken was appointed to

succeed Scott as trustee, by decree of the superior court of Cook county. In addition to the decree, it appears that Ira Scott and Francis B. Peabody, the trustee and successor in trust, on or about November 10, 1873, by deed of that date conveyed the property to Mulliken. It also appears that on the 10th day of November, 1873, Mulliken, as such trustee, (Maria L. Taylor, Sr., and Frank C. Taylor, Sr., joining therein, as required by said trust deed,) conveyed the premises in question to Julia S. Taylor for the consideration of $15,000. In addition to this conveyance, by deed joined in by said parties, they, the said Maria L. and Frank C. Taylor, Sr., executed and delivered their warranty deed of said date, conveying said property to the said Julia S. Taylor for the consideration of $15,000, which said warranty deed was also filed for record on said November 15, 1873. It also appears that at the time of the filing of the amended bill herein, January 17, 1898, the defendant Alfred Walson held the legal title to the premises under conveyance from Julia S. Taylor, subject to certain trust deeds therein executed by her.

The defendants to the bill interposed a general demurrer, which the court sustained and the amended bill was dismissed. The complainants appealed.

JOHN E. GROVES, (J. W. BYAM, of counsel,) for appellants.

LACKNER, BUTZ & MILLER, and LEWIS H. MITCHELL, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The amended bill filed in this case by the appellants, who are the children of Maria Louise Taylor and Frank C. Taylor, is quite voluminous, but in the view we take of the case it will not be necessary to set out the various allegations of the bill, as the rights of the parties must

be determined from the deed of trust executed by Maria Louise Taylor and Frank C. Taylor, her husband, on the 13th day of June, 1871, and what was done under and by virtue of that deed of trust.

It will be seen by an examination of the deed of trust, which is set out as a part of the bill, that the property was conveyed to the trustee, first, for the use and benefit of the grantor, Maria Louise Taylor, and her children, the appellants, to be used and occupied by them as a homestead. But this provision.in the deed made for the benefit of the grantor and appellants was made subject to the trusts and uses which were secondly set out in the deed, the first of which was, that upon the joint written request of the grantors the trustee should sell a portion of the premises for the purpose of raising funds to improve the remainder; the other was, that during the joint lives of Frank C. and Maria Louise Taylor the trustee was required to sell the whole or a portion of the premises *free and clear from all trusts* created by the deed, upon the request, in writing, of Frank C. and Maria Louise Taylor. By the express terms of the deed of trust, if a conveyance was made by the trustee under this latter clause all rights of the appellants in the property would immediately cease. The main inquiry then is whether such a conveyance was made.

Upon an examination of the bill it will be found that appellants have alleged therein that on the 10th day of November, 1873, the trustee conveyed lot 3 of said subdivision to Julia S. Taylor, and that Frank C. and Maria L. Taylor joined in the execution of the deed for the purpose of signifying their assent to the conveyance. It also appears that on the same day, in addition to joining the trustee in the deed he made, Frank C. and Maria L. Taylor executed to Julia S. Taylor a warranty deed of the premises, both of which deeds were recorded in the recorder's office of Cook county on the 15th day of November, 1873. Under the deed of trust the right to sell a part or the

whole of the property was reserved to the said Maria L. and Frank C. Taylor, the grantors in the deed of trust, during their joint lives, and the trustee, in whom was vested the legal title, was bound to convey at any time upon the joint written request of the grantors, the Taylors, and a conveyance made by the trustee upon the written request of Frank C. and Maria L. Taylor would vest the title so conveyed free and clear from all trusts created by the deed of trust. Appellants' amended bill clearly shows not only the reserved rights of Maria L. and Frank C. Taylor in the premises, but it also discloses the conveyance of the premises, as required by the terms of the trust deed, to Julia S. Taylor. It thus appears, upon the face of appellants' bill, that the title to the premises passed to Julia S. Taylor.

This deed of trust, and the deed of the trustee to Julia S. Taylor, came before the court in *Franklin Savings Bank* v. *Taylor*, 131 Ill. 376, and in speaking of the conveyance under the trust deed it was said (p. 382): "The deed of Frank C. Taylor and Maria Louise Taylor, executed at the same time that the deed was executed by the trustee to appellee, was a sufficient compliance with this provision, and hence we are of the opinion that, as respects appellee, the power of sale and conveyance was properly exercised."

It is, however, claimed that there was no consideration for the deed from the trustee to Julia S. Taylor. It is true that appellants' bill alleges that there was no consideration for the deed, and it is also true that the material allegations of the bill are admitted by the demurrer; but the bill alleges the execution of the deed from the trustee to Julia S. Taylor, which recites a consideration of $15,000. In addition to the consideration recited in the deed, the testimony of Julia S. Taylor taken in the case of *Franklin Savings Bank* v. *Taylor, supra*, is set out as a part of the amended bill, in which she testified that her husband made the negotiations for the

purchase of the property. She further testified that the price to be paid was $15,000. Whether the consideration was paid in land or notes is left in doubt by her evidence, but when all the allegations of the bill in reference to the consideration of the deed are considered together and all given due weight, it cannot be said that the deed in question was without consideration, and hence invalid. Moreover, the rights of appellants in the premises, whatever they were, by the express terms of the deed were subordinate to and subject to the right of Maria L. Taylor and Frank C. Taylor to require the trustee to convey the whole or any part of the premises at any time they might desire, upon their joint written request. The consideration for such conveyance was a matter resting solely between Taylor and his wife and the person to whom the conveyance should be made.

It appears that on the 27th day of April, 1897, the court entered an order giving the Security Title and Trust Company, receiver for E. S. Dreyer & Co., leave to become a party defendant to the bill of complaint. On February 8, 1898, in default of an answer, the Security Title and Trust Company was defaulted. On February 14, 1898, the court set aside the default and granted leave to plead, answer or demur to the bill. It is claimed on behalf of appellants that the court erred in permitting the Security Title and Trust Company to be made a party, and also erred in setting aside the default. This record contains no bill of exceptions or certificate of evidence, and we have no means of knowing what evidence was before the court when either of the orders complained of was entered, and in the absence of evidence it will be presumed that the facts before the court justified the orders entered.

We find no substantial error in the record, and the decree will be affirmed.

*Decree affirmed.*