# Jacob L. Kesner v. Catherine Miesch.

1. CLOUD UPON TITLE—*When a Court of Equity Will Entertain Jurisdiction for Its Removal.*—A void recorded contract purporting to be made by the owner of land, being an agreement by her to sell and convey the real property in question and calculated to materially impair the price of the land if put upon the market, is such a cloud upon title as justifies the filing of a bill to remove it.

2. WORDS AND PHRASES—*Cloud upon Title.*—A cloud is the semblance of a title, either legal or equitable, or a claim of an interest in lands appearing in some legal form, but which is in fact unfounded and which it would be inequitable to enforce.

**Bill to Remove a Cloud upon Title.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed April 14, 1903.

EDWARD N. D'ANCONA, attorney for appellant.

M. L. THACKABERRY, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal taken from the decree rendered upon a bill filed by appellee to remove a cloud upon the title to certain real property owned by her in the city of Chicago. It was charged in the bill and appeared upon the hearing that there had been recorded in the office of the recorder of Cook county, a written instrument purporting to contain an agreement between appellant and appellee for the exchange of certain real property in said Cook county, according to said agreement, appellee contracting for the sale, transfer and delivery by appellee to appellant of certain described premises, together with the improvements thereon, commonly known as No. 4732 Grand Boulevard, Chicago. The instrument purports to be sealed by each of the parties and the name of appellee to be signed thereto, per J. C. Amendt, agent.

Appellee, in said bill, alleged that she had never contracted to sell said premises to appellant and never author-

ized said Amendt or any other person to make or enter into any contract for the sale of said real estate or any part thereof, or in any way incumber the same; that said contract was made entirely without her knowledge or authority. Appellant answered the bill setting up, among other things, that appellee had full knowledge of the making of said contract and in all respects ratified the same. That the contract was entered into in good faith by him; that he is ready to fulfill the same and that he is entitled to a full performance thereof and to a deed conveying to him title to said property, and relies upon his right to have conveyance made, and denying that complainant is entitled to any relief. Replications to the answer having been filed, the cause was referred to a master to take testimony and report, which the master did.

The master reported that he found that Amendt was not authorized to enter into said contract; that appellee did not ratify the transaction; that the material allegations of the bill were substantially true; that the equities of the case are with her and that she is entitled to relief. The deposition of Mr. Amendt was taken. He testified that appellee was in entire ignorance of the transaction; that he, Amendt, signed the contract without authority from appellant; that he, Amendt, was not employed by appellee in the matter, nor had he spoken to her in any way about it. Appellee testified that the contract was not made by her authority or consent and was never ratified by her. The report of the master was confirmed by the Circuit Court and a decree removing the cloud entered.

Appellant's principal contention upon this appeal is that the recorded contract did not create a cloud upon appellee's property, and that therefore a court of equity could not afford her relief in the premises.

We are of the opinion that the contract did create a cloud. Appellant urges that as there was not filed for record any written authority by appellee to Amendt to make the contract in question, nor any evidence that appellee had ever authorized him in writing to make the

contract, the recorded contract cast no shadow or cloud upon appellee's title.

It is manifest that with this contract on record, a purchaser from appellee might have been divested of the title he could have acquired by the deed from her, by the production of a written instrument executed by appellee authorizing Amendt to make for her the recorded contract. No prudent person would have purchased from appellee and paid to her full value for the premises with such contract on record.

As was said by the Supreme Court in Hodgen v. Guttery, 58 Ill. 431, at page 438, as to a void decree:

"Here is a decree, void as to him, it is true, and a sale and deed made under the decree equally void, but still it is such as to deter some, and render others' doubtful, in the purchase of his title. It is calculated to materially impair the price of the land if put upon the market, as all persons would expect that it would lead to litigation, costs and vexation. It, for that reason, is such a cloud as authorizes a court of equity to entertain jurisdiction for its removal."

So, in the present case, the recorded contract was calculated to materially impair the price of the land of appellee if put upon the market, as all persons would expect or seriously fear that it would lead to litigation, costs and vexation. And as is said in Franklin Savings Bank v. Taylor, 131 Ill. 376, upon page 387, "The conveyance to appellant assumes to convey the entire title to sub-lot 3. It is therefore such a cloud upon appellant's title as justified the filing of a bill to remove it."

In the present case, the recorded contract purports to be made by appellee and is an agreement by her to sell and convey the real property in question. A cloud is the semblance of a title either legal or equitable, or a claim of an interest in lands appearing in some legal form, but which is in fact unfounded and which it would be inequitable to enforce. Shults v. Shults, 159 Ill. 654; Rigdon v. Shirk, 127 Ill. 411–412.

In Rich v. Trustees of Schools, 158 Ill. 242, the Supreme Court sustained a decree removing a cloud caused by a mis-

take arising from a false description, although the court held it to be doubtful that it was necessary to correct the mistake in the deed, saying that the false description could be rejected as a mere surplusage and still leave a good and sufficient description of the land conveyed.

In the present case appellant filed an answer insisting that under the contract he was entitled to a conveyance by appellee of the land in question. He thus put directly in issue the question of his right to a conveyance and affirmed that the contract not merely cast a cloud upon the title of appellee, but entitled him to a conveyance thereof. Having so done, he ought not, in a court of equity, to be heard to say that appellee is not entitled to relief, because the papers recorded in the recorder's office do not show that the contract under consideration was valid.

The decree of the Circuit Court is affirmed.